United States District Court
Middle District of Florida
Jacksonville Division

JOHN F. PULLINS,

        *Plaintiff,*

v.                                 No. 3:14-cv-226-J-32PDB

DEAN W. HAGINS ET AL.,

        *Defendants.*

---

## Report & Recommendation

John Pullins, without a lawyer, filed in state court the complaint underlying this case, alleging violations of state and federal law by those involved in a car-accident case he lost after a jury trial: the defendants in that case (Dean Hagins and R&J Towing and Recovery, Inc.), their counsel in that case (Steven Worley, Esquire), the judge in that case (the Honorable James Daniel), the courthouse where the trial took place (Duval County Courthouse), and R&J's owner (John Gainey). Doc. 2. Those served (all but the Duval County Courthouse) removed the case based on federal-question jurisdiction. Doc. 1. Pending is his motion to remand and their responses, Docs. 7, 11, 9, 10, 12, 14, and their motions to dismiss and his responses, Docs. 6, 8, 17, 18, along with a request by some defendants for a vexatious-litigant injunction, Doc. 6 at 8–9. I recommend remanding the claims barred by *Rooker-Feldman*[1] and

---

[1] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

the remaining state claims, dismissing the remaining federal claims with prejudice, and denying the request for a vexatious-litigant injunction.

## I.     Background

### A.     *Alleged Facts*[2]

Pullins was in an accident with Hagins while Hagins was driving an R&J tow truck. Doc. 2 ¶ 15. Because of Hagins's negligence, Pullins was injured and his car was damaged. Doc. 2 ¶¶ 16–18, 20, 33, 34. He returned to work but later realized how much the accident had hurt him after trying to lift a 100-pound television. Doc. 2 ¶ 45. Within seven months, he could no longer work. Doc. 2 ¶ 20.

Pullins sued Hagins and R&J in state circuit court. Doc. 2 ¶ 27; *Pullins v. Haggins & R&J Towing & Recovery, Inc.*, No. 16-2006-CA-3269 (Circuit Court, Duval County, Florida). Worley represented them, and Judge Daniel presided over the case. Doc. 2 ¶¶ 11, 14, 21, 36. Pullins's former counsel felt there was "no question of liability"—only "a question of fair negotiations." Doc. 2 ¶ 25. But Hagins and R&J did not negotiate fairly, making only "low-ball" offers that were less than 10 percent of the policy limit and insufficient to cover medical expenses. Doc. 2 ¶¶ 19, 20.

Judge Daniel denied Pullins's request to continue the trial to give him more time to find new counsel, so he had to represent himself despite mental illnesses,

---

[2]A court must hold a pleading drafted by an unrepresented litigant to a less stringent standard than one drafted by a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), though the court cannot rewrite a deficient pleading or otherwise serve as de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Because Pullins is unrepresented, the more lenient standard applies.

medications that made him drowsy and incoherent, and the losses of his mother two months earlier and grandmother eight months earlier. Doc. 2 ¶¶ 27, 28, 30, 31. Judge Daniel ruled that no one could mention worker's compensation, but, during jury selection, Worley mentioned it four times. Doc. 2 ¶¶ 35, 36. Judge Daniel admonished him but did not order a new trial. Doc. 2 ¶¶ 36–40. During the trial, Judge Daniel admitted Pullins's "irrelevant" application for disability insurance, which "confused" and "tainted" the jury. Doc. 2 ¶ 42. During closing arguments, Worley improperly suggested insurance had already compensated Pullins for his injuries. Doc. 2 ¶ 43. "Prejudiced, tainted[,] and confused" by Worley's mention of worker's compensation, the application for disability insurance, and Hagins's perjury about having used a turn signal, the jury returned a verdict against him. Doc. 2 ¶ 51. Judge Daniel did not order a new trial after Pullins—post-trial—located the sole eye-witness. Doc. 2 ¶¶ 47–50. The witness had provided a statement favorable to Pullins, but Pullins's previous counsel had not deposed him. Doc. 2 ¶¶ 48, 49.

The state appellate court affirmed the judgment against Pullins in a per-curiam opinion. Doc. 8-2; *Pullins v. Haggins & R&J Towing & Recovery, Inc.*, No. 1D11-3163 (Fla. 1st DCA Dec. 21, 2011).[3] The state supreme court dismissed his

---

[3]At any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d). In ruling on a motion to dismiss, a court may judicially notice information about a state case from the state court's database. *Crenshaw v. City of Defuniak Springs*, No. 3:13-cv-50/MCR/EMT, 2014 WL 667689, at *3 n.1 (N.D. Fla. Feb. 20, 2014) (unpublished) (citing cases); *see Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (court properly judicially noticed on its own the online record of related state-court criminal proceeding as basis for dismissing

petition because it lacks jurisdiction over per-curiam opinions. Doc. 8-3; Doc. 2 ¶ 53;

*Pullins v. Haggins & R&J Towing & Recovery, Inc.*, No. SC12-807 (Fla. May 1, 2012).

## B.    *Claims*

Pullins asserts: denial of equal benefit of the law enjoyed by white citizens, in

violation of 42 U.S.C. § 1981; violation of the right to a fair trial under the Sixth

Amendment and to equal protection under the Fourteenth Amendment, in violation

of 42 U.S.C. § 1983; conspiracy to violate those rights, in violation of 42 U.S.C. § 1985;

failure to prevent those acts, in violation of 42 U.S.C. § 1986; intentional infliction of

emotional distress, embarrassment, and impairment to reputation, in violation of

Florida common law, and violations of the rights to due process and equal protection

under the state constitution.   Doc. 2 at 12−15. He alleges: "All alleged acts of the

defendants were racially motivated as there is no other reason to deny the Plaintiff

his federally protected rights. However it may be because Plaintiff was disabled or a

pro se litigant who received intimidation from the Defendants." Doc. 2 ¶ 58.

## C.    *Demands*

Pullins demands: a declaration that the state case was "unconstitutional as

applied to [him]"; an order reversing the verdict, granting a new trial, requiring fair

negotiations, awarding at least the policy limits, and awarding costs and expenses for

bringing the case; a preliminary and permanent injunction enjoining the defendants

from violating his rights in the future; a declaration that the defendants' actions were

---

plaintiff's civil rights complaint). The Court may judicially notice the underlying state
proceedings because they can be readily and accurately determined from a source
whose accuracy cannot reasonably be questioned (the state docket sheet).

unconstitutional; and ordinary and punitive damages. Doc. 2 at 15–16.

### D.    *Post-Removal State Proceedings*

After removal, Pullins filed in state court a motion to amend the complaint to change defendant "Duval County Courthouse" to "Fourth Judicial Circuit Court of Duval County" and add an allegation that it is a state agency. Doc. 13; Doc. 22 in *Pullins v. Hagins et al.*, No. 16-2014-CA-785 (Circuit Court, in and for Duval County, Florida). The City of Jacksonville moved to dismiss the complaint, arguing that the courthouse is not an entity that can be sued and the city would not be liable merely because it maintains the building where the car-accident trial took place. Doc. 23 (16-2014-CA-785). He filed a notice of voluntary dismissal of claims against the Duval County Courthouse, explaining that he had never intended to sue either the city or the courthouse and had sought to amend the complaint to name the entity he wished to sue—the circuit court. Docs. 26, 28 (No. 16-2014-CA-785). The state court has not ruled on the motions (presumably because of removal), and Pullins has not served the circuit court, which has not appeared either in state court or here.

### E.    *Prior Cases by Pullins Based on the Same Alleged Facts*

Pullins has brought two other cases based on the same alleged facts in the current complaint: *Pullins v. Haggins et al.*, No. 3:12-cv-407-J-34MCR; and *Pullins v. Haggins et al.*, 3:12-cv-987-J-34MCR. The complaint in the first case named fewer defendants and asserted fewer claims and demands than the current case, but the proposed amended complaint in the second case is nearly the same as the complaint in the current case. *Compare* Doc. 1 (3:12-cv-407), Doc. 6 (3:12-cv-987), and Doc. 2

(current case).

In the prior cases, the Honorable Marcia Morales Howard adopted reports and recommendations by the Honorable Monte Richardson. Doc. 8 at 1–3 (3:12-cv-407); Doc. 8 at 1–2 (3:12-cv-987). Judge Richardson recommended denial of Pullins's requests to proceed in forma pauperis and, under *Rooker-Feldman*, sua sponte dismissal of the claims for lack of subject-matter jurisdiction. Doc. 6 at 2–5 (3:12-cv-407); Doc. 5 at 2–5 (3:12-cv-987). In the second case, he recommended as an alternative dismissal of the damages claims against Judge Daniel based on absolute judicial immunity, the injunctive-relief claim against him because Pullins had not alleged an exception to § 1983's prohibition on injunctive relief against a judge, and the § 1983 claim against the others because they are not state actors. Doc. 5 at 6–8 (3:12-cv-987). Pullins appealed only the second case, but the Eleventh Circuit dismissed it for failure to pay fees. Doc. 16 (3:12-cv-987).

## II.    Analysis

### A.    *Motion to Remand*

28 U.S.C. § 1447(c) requires a court to remand a removed case if at any time before final judgment it appears that the court lacks subject-matter jurisdiction. A defendant must prove the jurisdictional basis for removal by a preponderance of the evidence. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

In his motion to remand, Pullins recognizes that federal district courts ordinarily have subject-matter jurisdiction over federal claims but explains he filed the current case in state court because his prior attempts to pursue the claims here

6

resulted in dismissals under *Rooker-Feldman* for lack of subject-matter jurisdiction. Docs. 7, 11. The defendants, who had not appeared in the first two cases because the Court had dismissed them before service of process, respond that *Rooker-Feldman* does not apply to all of his claims. Docs. 9, 10, 12.

*Rooker-Feldman* prohibits federal district courts from exercising appellate jurisdiction over state judgments. *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). The doctrine is based on two jurisdictional statutes: 28 U.S.C. § 1257 (providing that United States Supreme Court has jurisdiction to review final judgments from highest courts of states) and 28 U.S.C. § 1331 (providing that district courts have "original jurisdiction" of all civil actions arising under federal law). *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). The Supreme Court has applied it only twice: in *Rooker* and *Feldman*. *Id.* at 283.

In *Rooker*, litigants lost in state court and then asked a federal district court to declare the state judgment "null and void" because it violated their federal constitutional rights. 263 U.S. at 414–15. The Supreme Court affirmed dismissal for lack of jurisdiction because only it has appellate jurisdiction over final state judgments, and federal district courts have only original—not appellate— jurisdiction. *Id.* at 416. Without appellate jurisdiction over state judgments, federal district courts do not have jurisdiction to "reverse or modify" them. *Id.*

In *Feldman,* the District of Columbia Court of Appeals denied applicants' requests for waivers from a bar-admission requirement. 460 U.S. at 465−68, 471−72. They sued in federal district court, arguing that the court's decisions violated their

federal constitutional rights and other federal law. *Id.* at 468, 472−73. The Supreme Court affirmed dismissal for lack of subject-matter jurisdiction because the claims were "inextricably intertwined" with the denials and, therefore, the court "in essence" would have to review the denials. *Id.* at 482 n.16, 486−87. But, the Court continued, the court had jurisdiction over the litigants' general challenge to the requirement's constitutionality because it did "not require review of a judicial decision in a particular case." *Id.* at 487.

Two decades later, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, the Supreme Court observed that lower courts had construed *Rooker* and *Feldman* "far beyond" their contours, "overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law." 544 U.S. at 283. The Court clarified that *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The Court emphasized that a federal district court is not precluded "from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party … then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.*

8

(internal quotation marks omitted).

In accordance with *Exxon Mobil*'s narrowing of *Rooker-Feldman*, the Eleventh Circuit no longer applies its pre-*Exxon-Mobil* test for the doctrine's application. *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (abrogating *Amos v. Glynn Cnty. Bd. of Tax Assessors*, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003)). The Eleventh Circuit recognizes the doctrine as "extremely narrow," *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1245 (11th Cir. 2009), stressing, as the Supreme Court did in *Exxon Mobil*, that its "jurisdictional bar does not extend to 'federal actions that simply raise claims previously litigated in state court.'" *Bates v. Harvey*, 518 F.3d 1233, 1241 (11th Cir. 2008) (quoting 544 U.S. at 284).[4]

In a single case, a federal district court may have subject-matter jurisdiction over some claims but, based on *Rooker-Feldman*, not others. As a recent example, in *Fortson v. Georgia*, a litigant sued his former lawyer and law firm in state court for various state torts. No. 14-13059, 2015 WL 348614, at *1 (11th Cir. Jan. 28, 2015) (unpublished). The state court dismissed the state complaint because it did not include a supporting affidavit required by state law. *Id.* The litigant sued the state

---

[4]*Exxon Mobil* abrogated other Eleventh Circuit decisions as well, including *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327 (11th Cir. 2001). *Boross v. Liberty Life Ins. Co.*, No. 4:10-cv-144, 2011 WL 2945819, at *1 (S.D. Ga. July 21, 2011) (unpublished); *Sophocleus v. Ala. Dep't of Transp.*, 605 F. Supp. 2d 1209, 1214 (M.D. Ala. 2009). In *Goodman*, the Eleventh Circuit held that *Rooker-Feldman* barred the federal plaintiff's damages claims for violations of federal constitutional rights during the investigation and initiation of a custody proceeding because the doctrine was "broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court," such as damages for constitutional violations during the proceedings. 259 F.3d at 1333–34.

and state judge in federal court, alleging that they had violated and conspired to violate his federal constitutional rights (to free speech, a jury trial, due process, and equal protection). *Id.* He sought an order declaring the state judge's orders void, a ruling that the state law requiring the supporting affidavit was unconstitutional, and damages. *Id.* The Eleventh Circuit held that *Rooker-Feldman* barred his claims to the extent they sought an order declaring the state judge's orders void but affirmed dismissal of the remaining claims on non-jurisdictional grounds. *Id.* at *3; *accord Kohler v. Garlets,* 578 F. App'x 862, 864–65 (11th Cir. 2014) (federal district court did not have jurisdiction over claim seeking determination of title of property but had jurisdiction over claims seeking damages based on misconduct of adversaries and their counsel during foreclosure proceedings); *Drees v. Ferguson,* 396 F. App'x 656, 658 (11th Cir. 2010) (federal district court did not have jurisdiction over claims seeking order declaring state judge's rulings void but had jurisdiction over claims seeking damages against state judge for violating federal constitutional rights).

Likewise here, *Rooker-Feldman* applies to some of Pullins's claims. Analogous to *Rooker* itself and part of *Fortson*, the Court does not have subject-matter jurisdiction over his claims that seek appellate review of the state case: an order reversing the verdict, an order granting a new trial or awarding the policy limit, an order requiring fair negotiations, and a declaration that the case had been "unconstitutional as applied" to him. Doc. 2 at 15–16. Applying the *Exxon-Mobil* limitation: he lost in state court; he complains about an injury caused by the state judgment (no compensation for his injuries); he invites the Court to review and reject

the state judgment; and the state court rendered the judgment before he brought this case, *see* Doc. 2 ¶ 53 (referencing state supreme court's 2012 dismissal of review petition); Doc. 1-2 (showing his 2014 filing of this case).[5] Analogous to the other claims in *Fortson*, the Court has subject-matter jurisdiction over his claims seeking damages for the defendants' allegedly unconstitutional behavior, a declaration that they had acted unconstitutionally, and an injunction prohibiting them from violating his rights in the future, Doc. 2 at 15−16, because, through those claims, he is not inviting the Court to review and reject the state judgment itself.[6]

A dismissal for lack of subject-matter jurisdiction is without prejudice. *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984). If a removed case includes both a claim arising under federal law and a claim "not within the original or supplemental jurisdiction of the district court," the federal district court must retain the former claim but "sever" the latter claim and remand it to state court.

---

[5]The Court does not have subject-matter jurisdiction over Pullins's claim seeking an order requiring fair negotiations because, through that claim, he effectively invites the Court to treat the state case as live and the judgment a nullity.

[6]In Pullins's first federal case, the order dismissing all of his claims as barred by *Rooker-Feldman* did not hold otherwise; there, he sought only a declaration that the state case was "unconstitutional as applied" to him and an order reversing the verdict and granting a new trial, requiring fair negotiations, or awarding at least the policy limits. Doc. 1 at 8−9 (3:12-cv-407). In his second federal case, to the extent the order dismissing additional claims as barred by *Rooker-Feldman* held otherwise, Doc. 8 at 1−2 (3:12-cv-987), the order does not have preclusive effect in light of more recent applications of *Rooker-Feldman*. *See, e.g., Fortson*, 2015 WL 348614, at *1, 3.

Citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006), Gainey and Worley argue that *Rooker-Feldman* does not apply to them because they were not parties in the state car-accident case. Doc. 10 at 2−3. *Lance* is inapposite; it holds the doctrine applies if the federal plaintiff was the state loser—not that it does not apply if the federal defendant was not a state party. *See Lance*, 546 U.S. at 464−65.

28 U.S.C. § 1441(c). In a case removed from state court, if the federal district court does not have jurisdiction over a claim because of *Rooker-Feldman*, it should remand it while deciding remaining federal ones. *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819–20 (7th Cir. 2010). Therefore, remand of Pullins's claims seeking a declaration that the case had been "unconstitutional as applied" to him and an order reversing the verdict, granting a new trial or awarding the policy limit, and requiring fair negotiations, with retention of the remaining federal claims, is warranted.

To avoid needless decisions of state law, if a court dismisses federal claims before trial, it should dismiss the state claims too. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). As explained below, dismissal of Pullins's remaining federal claims is warranted. To avoid needless decisions of state law, the Court should remand his remaining state claims (intentional infliction of emotional distress and violations of his state constitutional rights, Doc. 2 ¶¶ 76–80) with those barred by *Rooker-Feldman*.

## B.    *Motions to Dismiss*

To decide a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept the pleading allegations as true, construe them in the light most favorable to the non-movant, and apply the standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Ray v. Spirit Airlines*, 767 F.3d 1220, 1223 (11th Cir. 2014). Under that standard, a pleading must allege facts that state a plausible claim. *Iqbal*, 556 U.S. at 678. That standard

asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* That a court must accept factual allegations as true does not apply to legal conclusions. *Id.*

Pullins's remaining federal claims seek damages, prospective injunctive relief, and declaratory relief under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Doc. 2 at 15–16. Judge Daniel argues that the Court should dismiss those claims against him based on judicial immunity and failure to allege facts sufficient to show a plausible constitutional violation or basis for equitable relief. Doc. 8 at 5–13. The others argue that the Court should dismiss those claims against them because they are not state actors and the claims are otherwise frivolous. Doc. 6 at 4–8. Pullins reiterates the argument in his motion to remand and adds that Judge Daniel is not immune from liability for damages because his rulings were wrong. Docs. 17, 18.

Section 1981 provides a federal cause of action for racial discrimination concerning the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." Section 1983 provides a federal cause of action against any person who, acting under the color of state law, deprives a person of a federal right. A private actor is not subject to liability under § 1983 unless he conspires with a state actor. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). Section 1985 provides a federal cause of action against any person who engages in various conspiracies, including conspiracies to obstruct the course of justice in state courts with the intent to deprive a person of equal protection of the laws or conspiracies to

deprive a person of equal protection or equal privileges and immunities under the laws.[7] Section 1986 provides a federal cause of action against any person who has knowledge of a § 1985 conspiracy and the power to prevent it but neglects or refuses to do so.[8] To be eligible for injunctive or declaratory relief, a civil-rights plaintiff must show: (1) the defendant violated his rights; (2) there is a serious risk of continuing irreparable injury if the relief is not granted; and (3) there is no adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

Pullins has not alleged facts sufficient to show a plausible civil-rights violation. *See Iqbal*, 556 U.S. at 678. Apparently under the misperception that there is always redress for every injury, his allegations, viewed in the light most favorable to him, reflect only a litigant disappointed by settlement offers he thought were too low and by a jury verdict against him in a case he thought he should win but did not because of rulings he thought were wrong. He does not allege facts sufficient to show the plausibility of race discrimination (§ 1981),[9] the deprivation of any federal right

---

[7]The remaining portions of § 1985 are inapplicable to Pullins's allegations. Section 1985(1) proscribes interference with the performance of official duties by federal officers; the first portion of § 1985(2) proscribes interference with the administration of justice in federal courts; and the second portion of § 1985(3) proscribes interference with the right to support candidates in federal elections. *See Kush v. Rutledge*, 460 U.S. 719, 724–25 (1983). Those provisions relate to "institutions and processes of the federal government," *id.,* while Pullins's allegations relate to state proceedings, *see generally* Doc. 2.

[8]A § 1986 claim requires a § 1985 violation. *Park v. City of Atlanta*, 120 F.3d 1157, 1159–60 (11th Cir. 1997).

[9]Pullins alleges that "[a]ll alleged acts of the defendants were racially motivated," Doc. 2 ¶ 58, but not that he belongs to a racial minority. His conclusory statement that the defendants discriminated against him based on his race "as there is no other reason to deny [him] his federally protected rights," Doc. 2 ¶ 58, is

(§ 1983), a conspiracy against him (§§ 1985 and 1986),[10] or any of the requirements for injunctive or declaratory relief, *see* Bolin, 225 F.3d at 1242. Without such allegations, dismissal of Pullins's remaining federal claims is warranted.

Dismissal of Pullins's federal claims for damages and injunctive relief under § 1983 against Judge Daniel is warranted for additional reasons. A judge is absolutely immune from liability for damages for acts done in his judicial role. *Pierson v. Ray,* 386 U.S. 547, 553–55 (1967). Immunity is warranted even if he had acted erroneously, maliciously, or outside his jurisdiction, though not if he had acted in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978). Injunctive relief under § 1983 is unavailable against a judge "for an act or omission taken in such officer's judicial capacity … unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Circuit Judges in Florida have jurisdiction over all civil cases in which the amount in controversy exceeds $15,000. Fla. Stat. §§ 26.012(2)(a), 34.01(1)(c). Judge Daniel, as a Circuit Judge, had jurisdiction over Pullins's state car-accident case

---

insufficient to state a claim against them under § 1981; indeed, he alleges in the same paragraph that "it may be because [he] was disabled or a pro se litigant," Doc. 2 ¶ 58.

[10]To try to show the plausibility of a conspiracy, Pullins alleges only: (1) the defendants "conspired by way of communicating to and with each other to deprive [him] of a fair trial/proceeding," Doc. 2 ¶ 56; (2) Judge Daniel's decision to allow only the state defendants to mention insurance "shows the defendants intentionally conspired … throughout the proceedings … to deprive [him] of a fair trial and equal protection under the laws," Doc. 2 ¶ 60; and (3) the defendants conspired by "having conversations on how to admit evidence into court, that is known not to be allowed," Doc. 2 ¶ 65.

because the amount in controversy exceeded $15,000.[11] *See* Complaint ¶ 1 in *Pullins*, No. 16-2006-CA-3269. Because Pullins's allegations against Judge Daniel concern acts done in his judicial role (allegedly erroneous rulings), Doc. 2 ¶¶ 27–29, 31, 32, 35–43, 51, 60, he is immune from liability for damages regardless of whether his rulings were wrong. Furthermore, because Pullins has not alleged either that his acts violated a declaratory decree or that declaratory relief was unavailable, he cannot obtain injunctive relief under § 1983. Dismissal of Pullins's federal claims for damages and injunctive relief under § 1983 against Judge Daniel is warranted for those additional reasons.

Under Federal Rule of Civil Procedure 15(a), a court should freely permit a plaintiff to amend his complaint if justice so requires. If a more carefully drafted complaint might state a claim, a litigant proceeding without a lawyer must be given at least one chance to amend the complaint before the court may dismiss it with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). But dismissal with prejudice is appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Granting leave to amend would be futile if the complaint as amended would still be properly dismissed. *Id.*

---

[11]The Court may judicially notice that Judge Daniel is a Circuit Judge for Florida's Fourth Judicial Circuit because that fact is generally known. *See* footnote 3. The Court may judicially notice that Pullins had alleged that the amount in controversy in the state car-accident case exceeded $15,000 because it can be readily and accurately determined from a source whose accuracy cannot reasonably be questioned (the state court's docket). *See* footnote 3; Complaint ¶ 1 in *Pullins*, No. 16-2006-CA-3269 ("This is an action for damages that exceed the sum of $15,000.00, exclusive of costs and interest.").

In Pullins's second federal case involving the same alleged facts, Judge Howard did not allow him to file a proposed amended complaint that is nearly identical to the current complaint, *compare* Doc. 6 (3:12-cv-987), *with* Doc. 2 (current case), concluding that that amendment would be futile because the proposed amended complaint did not address "critical defects that Judge Richardson identified in the original complaint" insofar as it continued to assert claims for damages against Judge Daniel and § 1983 claims against non-government actors. Doc. 8 at 1 n.1 (3:12-cv-987). A futility conclusion is warranted here too.

Through the proposed amended complaint he filed in state court after removal, Pullins seeks to amend the complaint only by changing the "Duval County Courthouse" (an entity he acknowledges he never intended to sue) to "Fourth Judicial Circuit Court of Duval County" and add an allegation that it is a state agency. Docs. 22, 26, 28 (16-2014-CA-785). If a pro se plaintiff names the wrong entity as a defendant in a civil-rights case, the court should consider allowing him to amend his complaint to change the defendant. *Wright v. El Paso Cnty. Jail,* 642 F.2d 134, 136 n.3 (5th Cir. Apr. 8, 1981). But here, amendment would be futile; like the original complaint with nearly identical factual allegations, the proposed amended complaint fails to allege facts sufficient to show the plausibility of a civil-rights violation or the requirements for equitable relief, *compare* Doc. 2 *with* Doc. 13. Furthermore, as part of Florida's judiciary branch, the circuit court is a state agency. *Badillo v. Thorpe,* 158 F. App'x 208 (11th Cir. 2005); *Kaimowitz v. Fla. Bar,* 996 F.2d 1151, 1155 (11th Cir.1993). A state agency in Florida is immune from liability for damages for civil-

rights violations. *Fincher v. State of Fla. Dep't of Labor & Emp't Sec.–Unemp't Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986) (§ 1985); *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986) (§ 1983); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1068–69 (5th Cir. June 26, 1981) (§ 1981).[12] Because the circuit court is a state agency, it is immune from liability for damages for civil-rights violations. Allowing Pullins to amend his complaint to sue the circuit court instead of the courthouse therefore would be futile. In short, through his first case, Doc. 1 (3:12-cv-407), his second case, Doc. 6 (3:12-cv-987), and the current case, Docs. 2, 13 (current case), Pullins has shown that he cannot make a new case out of his failed car-accident case no matter the number of attempts.

### C. *Vexatious-Litigant Request*

Pullins has filed several cases in state and federal court. Excluding the car-accident case and the two cases discussed above, he has brought the following actions (at least): *Pullins v. Garcia et al.*, 3:12-cv-1000-J-32JBT (defamation case against doctor involved in state car-accident case, lawyer (not Worley), state judge (not Judge Daniel), and state courthouse); *Pullins v. Britton et al.*, 3:12-cv-986-J-34JRK (case against woman, lawyer (not Worley), state courthouse, and courthouse employees challenging service in child-support proceeding); *Pullins v Britton et al.*, 3:12-cv-409-J-25MCR (similar to 3:12-cv-986); *Pullins v. Garcia*, 3:12-cv-408-J-32JBT (similar to 3:12-cv-1000); *Pullins v. Aetna Life Ins. Co.*, 3:07-cv-382-J-16TEM (case against

---

[12]Furthermore, a state is not a "person" subject to liability for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

insurer for long-term disability benefits); *Pullins v. Britton et al.*, 16-2014-CA-001994 (Circuit Court in and for Duval County, Florida); *Pullins v. Garcia et al.*, 16-2014-CA-001151 (Circuit Court in and for Duval County, Florida); *Pullins v. Candelaria et al.*, No. 16-2013-CA-009856 (Circuit Court in and for Duval County, Florida); *Pullins v. Garcia*, No. 16-2008-CA-015125 (Circuit Court in and for Duval County, Florida).

That repeated litigation has prompted the state court to enter a vexatious-litigant sanction against Pullins. *Pullins v. Britton,* 80 So. 3d 1136, 1136–37 (Fla. 1st DCA 2012) (reversing vexatious-litigant order for lack of notice); Doc. 262 in *Britton et al. v. Pullins,* No. 16-2014-DR-009341 (Circuit Court in and for Duval County, Florida) (imposing sanction on remand), *affirmed* 127 So. 3d 507. Citing some of his previous cases, Hagins, Gainey, Worley, and R&J would like this Court to follow suit by enjoining him from filing any new case here without counsel. Doc. 6 at 8–9.

"No one, rich or poor, is entitled to abuse the judicial process." *Green v. Carlson,* 649 F.2d 285, 287 (5th Cir. Unit A June 17, 1981); *see Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent Fifth Circuit Unit A decisions rendered before October 1, 1981). "Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green,* 649 F.2d at 287.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir. 1986) (en

banc); *see also* 28 U.S.C. § 1651(a) ("All [federal] courts … may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). Courts may do so by restricting vexatious litigants as long as the restrictions do not foreclose them from filing all lawsuits and thereby encroach on their constitutional right to court access. *Procup*, 792 F.2d at 1071, 1074.

Without ruling on their constitutionality in any given case, the Eleventh Circuit has listed the following possible restrictions while recognizing that the list is neither exhaustive nor limiting because "the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants":

- enjoining a vexatious litigant from relitigating specific claims or claims arising from the same set of circumstances;

- requiring a vexatious litigant to accompany any future pleading with an affidavit certifying that his claim is novel, subject to contempt for false swearing;

- limiting the number of filings by a vexatious litigant absent a showing that the limitation is prejudicial to him;

- instructing the clerk not to file any pleading by a vexatious litigant that did not comply with the procedural rules; and

- instructing a magistrate judge to screen any future filing by a vexatious litigant to determine if the filing was in furtherance of a bad-faith effort to delude the court system with filings.

*Id.* at 1072–73 & nn. 2–9. More recently, the Eleventh Circuit has observed that those restrictions "still provide guidance," noting that they are acceptable because they do not impose blanket restrictions on a vexatious litigant. *Miller v. Donald*, 541 F.3d 1091, 1097 (11th Cir. 2008). In contrast, a restriction prohibiting a litigant from filing a new case without a lawyer would be unacceptable because that sanction "may well

20

foreclose him from filing any suits at all." *Procup*, 792 F.2d at 1071.

The injunction that Hagins, Gainey, Worley, and R&J request—restricting Pullins from filing any new case here without counsel—would not be acceptable because it could foreclose him from filing any case at all. *See id.* If he had filed the current case here, a narrower restriction like one listed above would have been warranted. But the defendants removed the current case here against his wishes after he tried to bring it in the right forum in accordance with Judge Howard's *Rooker-Feldman*-based rulings. Given that circumstance, denial of the requested injunction is warranted.

## III.   Recommendations

I recommend that the Court:

1. **grant in part** Pullins's motion to remand the case, Docs. 7, 11, and **remand** all of his state claims and all of his remaining claims to the extent they seek a declaration that the car-accident case had been "unconstitutional as applied" to him and an order reversing the verdict in that case and granting a new trial in that case, requiring fair negotiations in that case, or awarding the policy limit;

2. **grant in part** the defendants' motions to dismiss Pullins's remaining federal claims, Docs. 6, 8, and **dismiss** them with prejudice;

3. **deny** the request by Hagins, Gainey, Worley, and R&J for a vexatious-litigant injunction, Doc. 6 at 8–9; and

    4. **direct** the clerk to close the case.[13]

**Entered** in Jacksonville, Florida, on February 18, 2015.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record

        John F. Pullins
        6618 Juniper Creek Drive
        Jacksonville, FL 32244

---

[13]Either party may file and serve written objections to this report and recommendation. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 6.02(a). Failure to do so may alter the scope of direct and appellate review. *See* Fed. R. Civ. P. 72(b)(3); *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013). Any objection to this report must be filed by **March 6, 2015**. Any response must be filed by **March 20, 2015**. No extension will be granted absent compelling circumstances.