# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOHN F. PULLINS,

    Plaintiff,

v.

Case No. 3:14-cv-226-J-32PDB

DEAN W. HAGINS, an individual, R & J TOWING AND RECOVERY, INC., a Florida Corporation, JOHN R. GAINEY, an individual, STEVEN L. WORLEY, an individual, DUVAL COUNTY COURTHOUSE, a municipality, and JAMES H. DANIEL, in his individual capacity as judge, In The Circuit Court, Fourth Judicial Circuit, In and for Duval County, Florida,

    Defendants.

## O R D E R

This case is before the Court on Plaintiff John F. Pullins's two motions to remand (Docs. 7, 11) and the defendants' motions to dismiss (Docs. 6, 8), including a request by some defendants for a vexatious-litigant injunction (Doc. 6 at 8-9.) On February 18, 2015, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 19) recommending (a) remand to state court of all of Pullins's state law claims and those of his claims seeking a declaration that his car-accident case had been "unconstitutional as applied" to him and an order reversing the verdict and granting a new trial in that case, requiring fair negotiations, or awarding the policy limits; (b) dismissal with prejudice of his remaining federal claims; and (c)

denial of the request for a vexatious-litigant injunction. On March 6, 2015, Pullins filed written objections to the Report and Recommendation. (Doc. 20.) The defendants filed no response to the objections. The matter is now before the undersigned for de novo review. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); see M.D. Fla. R. 6.02.

Upon de novo review, the undersigned accepts and adopts the Report and Recommendation and rejects each of Pullins's objections. Pullins begins his objections by stating that he should be allowed to amend his complaint because he wrote it to meet the pleadings standards of Florida state court, not the federal pleading standards. (Doc. 20 at 1-2, 4.) This objection is due to be rejected. As Magistrate Judge Barksdale correctly recognized, in his three cases in this Court, "Pullins has shown that he cannot make a new case out of his failed car-accident case no matter the number of attempts." (Doc. 19 at 18.) Granting Pullins leave to amend his complaint, by filing either the amended complaint he previously filed in state court or some other amendment, would be futile.[1]

Pullins also appears to object to the recommendation that the Court remand some of his claims to state court but retain jurisdiction to dismiss others with prejudice. (Doc. 20 at 5.) This objection is also due to be rejected. Magistrate Judge Barksdale rightly noted that, under the Rooker-Feldman doctrine, a federal district

---

[1] Additionally, it is not at all clear how a shift to federal pleading standards would result in a complaint that could be sustained. See Ranger Constr. Indus., Inc. v. Martin Cos. of Daytona, Inc., 881 So. 2d 677, 680 (Fla. 5th DCA 2004) ("Unlike the pleading requirements in the federal courts where notice pleading is the prevailing standard, the Florida Rules of Civil Procedure require fact pleading."); also Fla. R. Civ. P. 1.110(b) (requiring pleadings to include, among other things, "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief . . . .").

2

court may have jurisdiction over some but not all of the claims in a case. (Doc. 19 at 9-10.) The court has the obligation to exercise its jurisdiction over those claims for which it has been properly invoked. Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 819 (7th Cir. 2010); see 42 U.S.C. § 1441(c); Dandar v. Church of Scientology Flag Serv. Org., 24 F. Supp. 3d 1181, 1190 (M.D. Fla. 2014).

The rest of Pullins's objections amount to repetition of his conclusory allegations that the defendants intentionally violated his constitutional rights during his earlier car-accident case and that Judge Daniel cannot be immune from liability for his role in the proceedings. (Doc. 19 at 2-3.) But the undersigned agrees with Magistrate Judge Barksdale's thorough analysis and application of the Rooker-Feldman doctrine as to Pullins's claims, as well as the recommendation that those of his claims not subject to remand are due to be dismissed. Thus, Pullins's state law claims are due to be remanded to state court along with those claims that seek review of the state court proceedings, while the rest of his federal claims are due to be dismissed.

Finally, defendants have not objected to the recommendation that their request for a vexatious-litigant injunction be denied. Upon de novo review, the undersigned agrees that the proposed injunction is overly restrictive under the circumstances and should be denied.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Have Case Returned to Fourth Judicial Circuit, Duval County, Florida (Doc. 7) and Plaintiff's Second Motion to Have Case Returned

to Fourth Judicial Circuit, Duval County, Florida (Doc. 11) are **GRANTED in part**. Plaintiff's Florida state law claims and all remaining claims seeking a declaration that his car-accident case had been "unconstitutional as applied" to him and an order reversing the verdict and granting a new trial in that case, requiring fair negotiations, or awarding the policy limits are **REMANDED** to the Fourth Judicial Circuit in and for Duval County, Florida.

2. Defendants', Dean W. Hagins, R & J Towing and Recovery, Inc., John R. Gainey, and Steven L. Worley's Motion to Dismiss Plaintiff's Complaint (Doc. 6) and Defendant James H. Daniel's Motion to Dismiss Plaintiff's Civil Rights Complaint (Doc. 8) are **GRANTED in part**.[2] Pullins's federal claims are **DISMISSED with prejudice**. The request by Hagins, R & J, Gainey, and Worley for a vexatious-litigant injunction is **DENIED**.

3. The Report and Recommendation of the Magistrate Judge (Doc. 19) is **ADOPTED** as the opinion of the Court.

4. Once remand has been effected, the Clerk should close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of March, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

---

[2] Because of the way the pro se complaint is drafted, it is difficult to segregate the remanded claims from the non-remanded federal claims which are dismissed. Counts 1 through 6 of the Complaint are dismissed with prejudice, except as to those claims stated in paragraph 1 of this Order, which are remanded under Rooker-Feldman. Counts 7 and 8, state law claims, are also remanded.

4

bjb
Copies to:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of record

<u>Pro</u> <u>se</u> plaintiff