**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN F. PULLINS,

    Plaintiff,

v.                                                      Case No. 3:14-cv-226-J-32PDB

DEAN W. HAGINS, an individual, R &
J TOWING AND RECOVERY, INC., a
Florida Corporation, JOHN R.
GAINEY, an individual, STEVEN L.
WORLEY, an individual, DUVAL
COUNTY COURTHOUSE, a
municipality, and JAMES H. DANIEL,
in his individual capacity as judge, In
The Circuit Court, Fourth Judicial
Circuit, In and for Duval County,
Florida,

    Defendants.

## O R D E R

This case is before the Court on pro se Plaintiff John F. Pullins's Motion to Vacate/Set Aside Order (Doc. 22), his Motion for Leave to File Amended Complaint (Doc. 23), and his Motion for Permission to Appeal In Forma Pauperis (Doc. 26).

On March 23, 2015, the undersigned entered an order adopting, over Pullins's objections, the Report and Recommendation issued by the assigned United States Magistrate Judge on February 18, 2015 that recommended remanding Pullins's state law claims and certain other claims to the Fourth Judicial Circuit in and for Duval County, Florida and dismissing with prejudice his federal claims. (Doc. 21.) Upon de novo review, the undersigned rejected each of Pullins's objections, including his

objection to the recommendation that his request to amend his complaint be denied. (Id.) In accordance with the order, the Clerk of the Court transmitted the relevant materials to the state court and closed the case.

On April 2, 2015, Pullins filed the motion to vacate/set aside and the motion for leave to amend. No defendant has filed any response to either motion. On April 21, 2015, Pullins filed a notice of appeal of the March 23, 2015 Order. On May 22, 2015, he filed the motion for permission to appeal in forma pauperis with the Court of Appeals for the Eleventh Circuit, which subsequently transmitted it to this Court. A review of the appellate court docket indicates that the Eleventh Circuit has suspended effectiveness of the notice of appeal until disposition of the motion to vacate/withdraw.

The motion to vacate/set aside and motion for leave to amend essentially ask the Court to reconsider its decisions to remand some but not all of his claims, to dismiss the rest of his claims, and to deny him leave to amend his complaint. Upon due consideration, the Court concludes that Pullins has failed to meet the burden of establishing the extraordinary circumstances supporting reconsideration. See Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) ("Reconsideration of a Court's previous order is an extraordinary remedy," not an opportunity to "simply reargue an issue the Court has once determined.").

The motion to vacate/set aside does not present any argument not already raised and rejected. (Compare Doc. 20, with Doc. 22.) It is due to be denied on that basis alone.

As for the motion for leave, the proposed amended complaint attached thereto

2

reaffirms the Court's determination that allowing amendment would be an exercise in futility. The proposed amended complaint is identical to the original complaint in most respects, with a few exceptions.[1] However, none of these exceptions affect the essential nature of Pullins's claims, the relief he seeks, or, correspondingly, the Court's analysis. The Court will therefore deny the motion for leave, as well.[2]

The Court turns finally to Pullins's Motion for Permission to Appeal In Forma Pauperis, which it construes as being brought under Federal Rule of Appellate Procedure 24(a). Such motions are to be decided by the district court in the first instance. Fed. R. App. P. 24(a)(1). Rule 24(a)(1) provides that the party seeking to

---

[1] The proposed amended complaint no longer names "Duval County Courthouse" as a defendant. (Doc. 23-1 at 1.) It now includes two introductory paragraphs stating that Pullins is seeking damages for allegedly intentional deprivations of his civil rights based on racially discriminatory animus and five paragraphs on the procedural history of the underlying case and this case. (Id., ¶¶ 1-2, 67-71.) In addition to the alleged violations stated in the original complaint, the proposed amended complaint also alleges that the defendants violated Pullins's civil rights by (1) conspiring to grant a motion in limine to exclude reference to Defendant Dean W. Hagins's alleged alcohol use at the time of the underlying auto accident; (id., ¶¶ 39-40); (2) refusing to hear Pullins's motion for summary judgment (id., ¶¶ 41, 81-82); and (3) allowing Hagins to allegedly commit perjury (id., ¶ 64). The proposed amended complaint also provides more detailed factual allegations regarding the introduction of worker's compensation and insurance evidence at trial. (See id., ¶¶ 43-45, 53-54.) It also contends that Judge Daniel may not enjoy immunity. (Id., ¶¶ 96-97.)

[2] The Court's review of the applicable law indicates that Pullins's notice of appeal does not prohibit ruling on these motions. Whether technically classified as motions under Federal Rules of Civil Procedure 59(e) or 60, "[a] notice [of appeal] filed before the filing of [either such motion] or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed. R. App. P. 4(a)(4) advisory committee's note. The Eleventh Circuit has already suspended the notice of appeal, consistent with Federal Rule of Appellate Procedure 4(a)(4). Moreover, even if the Court did lack authority to grant either motion, Federal Rule of Civil Procedure 62.1(a) would permit the Court to deny them.

3

appeal in forma pauperis must file an affidavit showing (A) his inability to pay, (B) his claim of entitlement to redress, and (C) a statement of issues he intends to present on appeal. Upon review, Pullins's motion adequately demonstrates an inability to pay fees and costs. And though the motion itself includes no information about (B) or (C), the Court concludes that, together with his notice of appeal, Pullins has adequately presented those requirements, as well.

In addition to determining whether the movant has satisfied these three initial requirements, the Court must also assess whether the appeal has been taken in good faith and is not frivolous. 28 U.S.C. § 1915(a)(3), (e)(2)(B)(i); see Fed. R. App. P. 24(a)(4); Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (defining "good faith" for purposes of in forma pauperis review using an objective standard of whether applicant seeks appeal of an issue that is not frivolous); also Sun v. Forrester, 939 F.2d 924 (11th Cir. 1991) (affirming denial of frivolous in forma pauperis appeal as "one without arguable merit" either factually or legally). While certain of Pullins's claims are likely frivolous, the Court cannot say that the appeal as a whole is either not taken in good faith or is frivolous. He will therefore be permitted to appeal in forma pauperis.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Vacate/Set Aside Order (Doc. 22) and Plaintiff's Motion for Leave to File Amended Complaint (Doc. 23) are **DENIED**.

2. Plaintiff's Motion for Permission to Appeal In Forma Pauperis (Doc. 26) is **GRANTED**.

4

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of June, 2015.

> TIMOTHY J. CORRIGAN
> United States District Judge

bjb
Copies to:

Counsel of record

Pro se plaintiff